IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD RAY LONG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:22-cv-02100-E-BT |
| | § | |
| PACE REALTY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

For the third time, Plaintiff Donald Ray Long, who is proceeding *pro se* and *in forma pauperis*, has failed to timely comply with a Court Order and has failed to prosecute his lawsuit. Accordingly, the Court should dismiss this civil action under Federal Rule of Civil Procedure 41(b).

## Background

On September 21, 2022, Long filed a complaint alleging Defendant Pace Realty and others violated federal fair housing laws. Compl. 3-4 (ECF No. 3). After reviewing Long's pleading, the Court found the complaint was deficient and issued a Notice of Deficiency and Order (ECF No. 7) instructing Long to file an Amended Complaint that complied with Rule 8(a). When Long failed to timely respond, the magistrate judge recommended dismissing Long's case without prejudice under Rule 41(b). (ECF No. 8). But when the Court later received an Amended Complaint

1

(ECF No. 9), the magistrate judge vacated the recommendation for dismissal (ECF No. 10).

Long's Amended Complaint—which named only Pace Realty as a defendant—was also deficient. Therefore, the Court issued a Magistrate Judge's Questionnaire (ECF No. 11) to obtain additional information about the factual basis of his claims. When Long failed to timely respond to the questionnaire, the magistrate judge recommended dismissing Long's case without prejudice under Rule 41(b). *See* FCR (ECF No. 12). Long later filed a Notice (ECF No. 13) and an untimely Response to the questionnaire (ECF No. 14). The magistrate judge vacated the recommendation for dismissal. Order (ECF No. 15).

On February 2, 2023, the Court ordered the Clerk of the Court to issue summons and send the summons, together with copies of the complaint, and other pleadings and orders, to the United States Marshal for service on Defendant Pace Realty. (ECF No. 16). Summons was issued that same day (ECF No. 17), but the Marshal was unable to execute the summons because the "business is no longer located [at the address provided]." Process Receipt & Return (ECF No 19). Thus, the Court ordered Long to provide—by May 5, 2023—an accurate address to serve Defendant. Order re. Service 1 (ECF No. 20). In its Order, the Court warned Long that failure to comply "may result in a recommendation that [Long's] claims be dismissed for failure to prosecute and obey court orders." Order re. Service 2 (citing Fed. R. Civ. P. 41(b)). Nevertheless, Long has failed to provide the Court

with an accurate address for Defendant, nor has he responded in any manner to the Court's order.

### Legal Standard and Analysis

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R.*, 370 U.S. 626 (1962)).

Long has a history of failing to timely comply with Court orders and prosecute his case. Most recently, Long has failed to comply with the Court's order to provide it with an accurate address to serve Defendant. Indeed, the Court has not heard from Long since January 2023, when he belatedly filed a response to the Magistrate Judge's Questionnaire. The Court needs Long to provide an accurate address for Defendant so the Marshal can effect service of process. This litigation cannot proceed until Long provides the Court with that information.

The inability to proceed with this litigation is directly attributable to Long's failure to provide the information requested. As the Court previously explained:

> While 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3) relieve Plaintiff of the burden to serve process, it remains Plaintiff's responsibility to locate Defendant and submit its address to the Court. Indeed, the Court has no obligation to assist Plaintiff in locating a

defendant's address for the purpose of service of process. *See Barmes v. Nolan*, 123 F. App'x 238, 239 (7th Cir. 2005).

Order (ECF No. 20).

Under the circumstances, the Court should dismiss this lawsuit under Fed. R. Civ. P. 41(b).

## Conclusion

The Court should dismiss Long's civil action without prejudice under Rule 41(b).

SO ORDERED.

May 26, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).